UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. \_\_\_\_ |
| | § | |
| $100,751.58 SEIZED FROM TD | § | |
| BANK ACCOUNT 1167, and | § | |
| | § | |
| $57,877.08 SEIZED FROM TD | § | |
| BANK ACCOUNT 0015, | § | |
| Defendants. | § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America, Plaintiff, files this action for forfeiture *in rem* against $100,751.58 and $57,877.08 in U.S. Currency seized from two TD Bank accounts and alleges upon information and belief the following:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b), 1391(b)(2), and 1395. Acts and omissions giving rise to the forfeiture occurred in the Southern District of Texas, and the victim company is located in Houston, Texas.

**DEFENDANT PROPERTIES SUBJECT TO FORFEITURE**

3. The first Defendant Property is $100,751.58 seized from a TD Bank account with an account number ending in 1167, and held in the name of Chad Archambeau.

4. The second Defendant Property is $57,877.08 seized from a TD Bank account with an account number ending in 0015, and held in the name of Chad Archambeau.

5. The United States alleges that the two sums described above (collectively, the "Defendant Properties") constitute or are derived from proceeds traceable to wire fraud.

## STATUTORY BASIS AND NATURE OF ACTION

6. This civil action *in rem* is brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense. Title 18 U.S.C. § 1343 (wire fraud) is "specified unlawful activity" pursuant to 18 U.S.C. §1956(c)(7).

7. With regard to the civil forfeiture of fungible property, Title 18, United States Code, Section 984 provides that funds deposited into the same financial account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the forfeiture action is commenced within one year from the date of the offense.

## FACTS

8. In one variety of a business email compromise fraud, the perpetrator of the fraud spoofs the official business email address of a legitimate partner company that the victim company does business with and needs to pay. The perpetrator then uses the spoofed

email to convince an employee of the victim company that the partner company's bank account information has changed. The victim company employee believes he is wiring payment to a legitimate bank account of the partner company.

9. In this case, the Victim Company is located in Houston, Texas, which is within the Southern District of Texas. On or about June 25, 2019, the Victim Company Employee who handles the partner company's account received a fraudulent email that appeared to be from an employee at the partner company. The email claimed that the partner company's bank account information had changed and asked that it be updated to a "new" Bank of America account ending in 7622 (the "Bilodeau Account"). The Victim Company Employee complied.

10. The Victim Company intended to pay the partner company $2,417,769.29 on or about July 3, 2019, but due to the fraudulent email, the ACH payment was sent to the Bilodeau Account rather than to the partner company's actual bank account.

11. The Bilodeau Account was jointly opened by James Bilodeau and Mildred Bilodeau. Prior to the July 5, 2019 deposit of $2,417,769.29 in fraud proceeds, the balance of the Bilodeau Account was just $384.33. After the deposit, various transfers and withdrawals occurred.

12. On or about July 8, 2019, Mildred Bilodeau purchased a $284,000.00 cashier's check drawn from the Bilodeau Account. The payee of the cashier's check was Chad Archambeau.

13. On or about July 9, 2019, the cashier's check for $284,000 was deposited to a TD Bank account ending in 1167 (the "First Archambeau Account"), held in the name of Chad Archambeau. The First Archambeau Account had been opened on or about June 7, 2019, with a $60.00 deposit. The $284,000 deposit was the only other deposit to the account, except for $3.74 in interest. After the deposit, various transfers and withdrawals occurred.

14. On or about July 17, 2019, Chad Archambeau transferred $100,000 from the First Archambeau Account to another account held in his name, a TD Bank account ending in 0015 (the "Second Archambeau Account").

15. The Second Archambeau Account had been opened on or about June 7, 2019, with deposits that day of $100.00 and $19.00, and a subsequent withdrawal of $20.00. The $100,000 transfer was the only other deposit to the account. After the deposit of $100,000, various withdrawals occurred.

16. On or about July 24, 2019, the sum of $100,751.58 was seized from the First Archambeau Account; and the sum of $57,877.08 was seized from the Second Archambeau Account.

## CONCLUSION

17. Under the totality of the circumstances, there is reason to believe that the two Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity, including wire fraud, whether directly or through application of Section 984.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in either of the Defendant Properties subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any person who reasonably appears to be a potential claimant in this matter. The United States

seeks a final judgment forfeiting the Defendant Properties to the United States and any other relief to which it may be entitled.

        Respectfully submitted,

        RYAN K. PATRICK
        United States Attorney

By: *[signature]*
        Kristine E. Rollinson
        SDTX Federal No. 16785
        Assistant United States Attorney
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone (713) 567-9000

## Verification

I, Ben Hyman, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 - 4 and 9 - 16 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the 18 day of February 2020.

Ben Hyman, Special Agent
Federal Bureau of Investigation